NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 6 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GABRIEL HEREDIA,

        Plaintiff-Appellant,

    v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

        Defendant-Appellee.

No.   22-16653

D.C. No. 5:20-cv-06628-SVK

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Susan G. Van Keulen, Magistrate Judge, Presiding

Submitted November 17, 2023[**]
San Jose, California

Before: MURGUIA, Chief Judge, and PAEZ and FRIEDLAND, Circuit Judges.

    Gabriel Heredia appeals the district court's decision affirming an

administrative law judge's ("ALJ") denial of Heredia's application for disability

insurance benefits and supplemental security income. "We review the district

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's order affirming the ALJ's denial of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (internal quotation marks omitted). We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand for further proceedings.[1]

The ALJ erred in her consideration of medical source opinions. Under the applicable regulations, the ALJ does not "give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." 20 C.F.R. § 404.1520c(a) (2017). Instead, the ALJ must weigh several factors, particularly "the extent to which a medical source supports the medical opinion" and "the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(2)). When rejecting a medical source's opinion, the ALJ must provide "an explanation supported by substantial evidence." *Id.* at 792.

Substantial evidence does not support the ALJ's conclusion that the opinions from medical providers at Pathways to Wellness ("Pathways") "are not consistent with or supported by" the longitudinal record of Pathways treatment notes.

---

[1] We GRANT Heredia's unopposed motion (Doc. 34) to file a corrected reply brief.

Notably, in April 2018, Nurse Practitioner Tiffani Ordonez and Dr. Hiawatha Harris observed that Heredia's mental health symptoms "remain[ed] ongoing" despite treatment and that he was experiencing "chronic illness characterized by relapses." In June 2018, Ordonez described Heredia as "unable to hold jobs due to debilitating depression & anxiety." And in August 2018, Ordonez and Dr. Ruben Ruiz opined that Heredia "fulfill[ed] moderate to severe criteria for degree of mental health conditions." As explained below, these opinions are not contradicted by the Pathways treatment records.

Nor does substantial evidence support the ALJ's conclusion that Dr. Nicole Kirsch's opinions "are not consistent with the Pathways to Wellness treatment notes." Dr. Kirsch noted that Heredia "has experienced severe challenges related to anxiety, depression, mania and trauma exposure" and that "[e]ach of his diagnoses are longstanding and likely to continue over time." As a result, Dr. Kirsch concluded that Heredia "would likely have extreme difficulties completing a normal workday without intrusive psychological symptoms."

For all opinions, the ALJ's analysis turned on the Pathways treatment records, which capture Heredia's medical history from December 2016 to May 2020. Yet while the ALJ concluded that "conservative treatment via medication management . . . has been generally effective," the Pathways treatment records are more mixed than the ALJ suggests. Although medication improved Heredia's

3

condition, he continued to experience persistent and often debilitating symptoms. Indeed, the longitudinal records reflect that Heredia's symptoms fluctuated over time, as is typical for an individual with mental health conditions. *See Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) (recognizing that mental health "symptoms wax and wane in the course of treatment" and that "[c]ycles of improvement and debilitating symptoms are a common occurrence").

Substantial evidence also does not support the ALJ's conclusion that the medical opinions of the Pathways providers and Dr. Kirsch are inconsistent with evidence showing that Heredia engages in activities of daily living. The record suggests that Heredia sometimes socialized with friends, attended seventeen medical appointments over the course of two years, went to the gym a maximum of three times per week, and attended court dates in an attempt to obtain custody of his daughter. The ALJ also pointed to Heredia's appearance and behavior at Dr. Kirsch's examination, as well as his presentation at the hearing before the ALJ in this matter. None of these activities, the most frequent of which occurred a maximum of three times per week, is sufficient to contradict the medical opinions' conclusions suggesting that Heredia could not perform a 9:00-5:00 job. *See, e.g.*, *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise,

4

does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled."). There is also evidence that Heredia receives help from his parents, with whom he has lived all his life, to get to appointments.

The ALJ's conclusion that Dr. Kirsch's opinion is undermined by the inconsistencies between the record and what Heredia told her about his history of drug use is not supported by substantial evidence. The ALJ concluded that drug use was not relevant to Heredia's present disability, and Dr. Kirsch relied on a review of Heredia's medical records in addition to what Heredia told her.

Ultimately, it is difficult to reconcile how the medical opinions describing Heredia's ongoing mental health struggle are *inconsistent* with the Pathways treatment records, nor are the ALJ's other reasons for finding these medical opinions unpersuasive supported by substantial evidence. Because substantial evidence does not support the ALJ's findings as to supportability and consistency, the ALJ erred in assessing medical opinions. The court therefore remands for the ALJ to re-evaluate the various medical opinions consistent with this memorandum.

**REVERSED and REMANDED.**